

ORIGINAL

MOSES K. MOKE
21 Pohai Street
Hilo, Hawaii 96720

In Personam

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 9 2006

at _11_ o'clock and _36_ min _A_ M &P
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOSES K. MOKE,<br><br>                    Plaintiff<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br>GEORGE W. BUSH, in his official<br>Capacity as the President of the<br>United States of America; STATE OF<br>HAWAII, LINDA LINGLE, In her<br>Official Capacity as Governor of the<br>State of Hawaii,<br><br>                    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04-00680 ACK-LEK<br><br>PLAINTIFF'S REPLY TO STATE<br>DEFENDANTS' MOTION TO<br>DISMISS SECOND AMENDED<br>COMPLAINT WITH PREJUDICE;<br>AFFIDAVIT OF MOSES K. MOKE;<br>CERTIFICATE OF SERVICE<br><br>DATE:    January 30, 2006<br>TIME:    9:30 a.m.<br>JUDGE:   ALAN C. KAY |

PLAINTIFF'S REPLY TO STATE DEFENDANTS' MOTION
TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

The main issue in this litigation is whether the State Defendants' ACT 207

deleted the Hawaiian Homes Commission powers and which has established race-

based government operation within the provisions of the Hawaiian Homes

Commission Act, are repealed and/or in violation of the State and United States Constitution.

A.    State Defendants Mislead the Court in Their Motion to Dismiss.

State Defendants' ("STATE") have presented their summation of the STATE's immunity and the restriction of Plaintiff's claims in their Motion to Dismiss.

Despite their ethical duty to quote the relevance of Plaintiff's compact/claim of Hawaii's legislature in House Bill No. 1352, which becomes Act ("ACT 207") amended, Section 202 of the Hawaiian Homes Commission Act of 1920 ("HHCA"), they left out ACT 207, deleted the Hawaiian Homes Commission powers, **1/** which established race-based government operation within Article XII, Sections 1, 2, and 3, of the State of Hawaii's Constitution ("ARTICLE XII") within their motion to dismiss. With that omission, their argument supporting ACT 207 could be used of race-based government operation within Hawaii and United

———————————

**1/** In 1921, An Act to amend an Act entitled "An Act to provide a government for the Territory of Hawaii " approved April 30, 1900, as amended, to establish an Hawaiian Homes Commission, granting certain powers to the board of harbor commissioners of the Territory of Hawaii. (Id. Charter 32, Stat 108, Public No. 34-67[th] Congress [S. 1881] of July 9, 1921). Further, the HHCA indicates that the congressional intent was to create a class of lands separate and distinct from other public lands to be utilized for the native Hawaiians. Provisions of the Act further vest control over  the use of such lands in the Hawaiian Homes  Commission and not in any government agency.

Constitution by others, seemed reasonable.

The omission of the STATE's use of race-based government operation under HHCA and/or ARTICLE XII within the STATE's motion to dismiss is one way of side-stepping the direct meaning of Plaintiff's compact/claims which clearly established ACT 207 use of race-based government operation violation of Hawaii and United States Constitution.

There is little room for interpretation. The significance of (Public No. 34-67[th] Congress' Title 4 **2/** ) these Sections, 401, 402, "repeal of inconsistent or unconstitutional" legislation and/or in violation of Hawaii and the United States Constitution is so clear that one can understand how the STATE would obscure the issue and confuse the Court by leaving Plaintiff's compact/claims out of their motion to dismiss.

There has always been this discrepancy between the restriction of Public No. 34-67[th] Congress, Title 4 Section 401, 402 and the wording of ACT 207. The STATE knew the federal law (Public No. 34) the Hawaiian Homes Commission were administering for the native Hawaiian race and they deliberately amended

---

**2/**  Public No. 34-67[th] Congress' [S. 1881] Title 4, Section 401, 402, approved, July 9, 1921, that the amendment to HHCA, Section 202 provisions have made either Congress of the United States or of the Territory of Hawaii (or State of Hawaii) subject to a severability clause, repeal of inconsistent or unconstitutional legislation.

Section 202 of the HHCA by deleting the Hawaiian Homes Commission powers and which established the use of race-based government operations are repealed of "inconsistent or unconstitutional" legislation and in violation of the due process and equal protection of Hawaii's and the United States Constitution, and not limiting violation of the United States Constitution, and thus, this court can declare an act 'null and void', the "DOCTRINE" that all laws which are repugnant to the Constitution are 'null and void', as held in <u>Marbury v. Madison</u>, 5 US Cranch 137, 174, still holds true, today.

Nevertheless, the STATE knew the federal law (Public 34-67[th] Congress, Title 4, Section 401, 402), "repeal inconsistent or unconstitutional" legislation and in violation of the State and the United States Constitution they were operating for the native Hawaiians within ARTICLE XII, based solely upon race, and in conflict with their members of a body politic, because their members cannot live upon Hawaiian Home lands, violation of equal protection clause, based upon ARTICLE XII. In other words, the STATE's immunity is one way of side-stepping the direct meaning which clearly established ACT 207 is race-based government operation within ARTICLE XII, is an invasion and overthrow of the United States Constitution by the STATE where the question of immunity is not relevant because of the "DOCTRINE" that all laws which are repugnant to the Constitution, are

'null and void', as held in <u>Marbury v. Madison</u>, 5 US Cranch 137, 174, still holds true, today.

Further, the STATE has promulgated and enforced Plaintiff's compact/claims pursuant to Sec. 208 and 209 of the HHCA and thus Plaintiff has standing to assert the claims made in his second amended complaint which has established race-based government operations upon Plaintiff, in violation of the State and the United States Constitution.

Moreover, the STATE claims statute of limitation of Plaintiff's challenging ACT 207 is two-year limit, is not relevant because ACT 207 was repealed in 1963 pursuant to Public No. 34-67[th] Congress' Title 4, Section 401, 402, "Repeal of Inconsistent and Unconstitutional" legislation and not limiting the STATE's race-based government operation of the HHCA within ARTICLE XII, violation of the due process and equal protection of Hawaii and the United States Constitution. The holding in statute of limitation simply does not apply here.

<u>Conclusion</u>

STATE memorandum is completely off the mark. Not one of the Plaintiff's compact/claims that ACT 207 by deleting the Hawaiian Homes Commission powers, and which have established race-based government operation within Article XII has been controverted. Yet the cavalier air in which the STATE address' this issue and proceeds with the current motion to dismiss Plaintiff's

compact/claims suggests another reason for his confidence. It must be because there is another game being played upon the native Hawaiian race. That is that their claims to ACT 207 is unconstitutional, because of a race-based government operation within ARTICLE XII. Therefore, Plaintiff objects to STATE's motion and respectfully requests that the court deny the STATE's motion to dismiss, in light of Marbury v. Madison.


DATED:    HILO, HAWAII    January 13, 2006

_[signature]_

MOSES K. MOKE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOSES K. MOKE, )<br><br>Plaintiff )<br><br>vs. )<br><br>UNITED STATES OF AMERICA, )<br>GEORGE W. BUSH, in his official )<br>Capacity as The President of The )<br>United States of America; STATE OF )<br>HAWAII, Linda Lingle, In her )<br>Official Capacity as Governor of the )<br>State of Hawaii, )<br><br>Defendants ) | CIVIL NO. 04-00680 ACK-LEK<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 13, 2006, a copy of the foregoing

document was served on the following parties by depositing the same in the United

States Mail, first-class, prepaid postage.

TO:   Mark J. Bennett
      Attorney General
      State of Hawaii
      Clayton Lee Crowell
      Deputy Attorney General
      465 South King Street, Room B-2
      Honolulu, Hawaii 96813

      Attorneys for State Defendants
      State of Hawaii and Linda Lingle

DATED:     HILO, HAWAII     January 13, 2006

MOSES K. MOKE

11