IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MOSES K. MOKE, | ) | CIVIL NO. 04-00680 ACK-LEK |
| | ) | |
| Plaintiff | ) | AFFIDAVIT OF MOSES K. MOKE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, GEORGE W. BUSH, in his official Capacity as The President of The United States of America; STATE OF HAWAII, Linda Lingle, In her Official Capacity as Governor of the State of Hawaii, | ) | |
| | ) | |
| Defendants | ) | |

## AFFIDAVIT OF MOSES K. MOKE

State of Hawaii        )
                       :
County of Hawaii       )

I, Moses K. Moke, being first duly sworn on oath deposes and states:

I am in the above-entitled case. After reviewing this case, I make this affidavit based on my own personal knowledge and will testify to the following:

1. Mr. Moke is a native Hawaiian defined under Section 201(7) of the Hawaiian Homes Commission Act of 1920 ("HHCA'), within Article XII, Sections 1-3 of the State of Hawaii's Constitution ("ARTICLE XII");

7

2. Mrs. Harriet K. Moke my wife received a homestead lease pursuant to Section 208 of the HHCA, because my wife retained her homestead lease by marrying Mr. Moke who is not authorized for homestead lease, but who paid the mortgage and taxes;

3. Upon the death of my wife, the State of Hawaii and its departmental arm, Department of Hawaiian Homes, headed by the State, Executive Board known as the Hawaiian Homes Commission pursuant to Hawaii Session Laws 222, 1963 (ACT 207), transferred my wife, Mrs. Moke's lease on March 10, 1994 to Jacqualine Kepo'o Sabate and Debrah Akui are not authorized pursuant to Public No. 34-67[th] Congress', Title 4, sections 401, 402.

4. Mr. Moke challenged the approval of the State agency's lack of jurisdiction under docket No 97-520, the State of Hawaii's administrative rules under HHCA, Section 222, administration accordance with the provision of Chapter 91, Hawaii Revised Statutes, in conjunction with [Chapter 673] Native Hawaiian trusts judicial relief Act;

5. The State agency denied Mr. Moke's lack of jurisdiction and granted Kepo'o Sabate and Debbie Akui successor to my wife's, Harriet Moke's lease;

6. Mr. Moke appealed to the third circuit court of the State of Hawaii and the court granted the State agency findings of fact, conclusions of law and

Moke appealed in the Intermediate Court of Appeals No. 24205, and the Court affirmed circuit court order;

7.  Mr. Moke filed for Homestead lease because of the State denying his rights pursuant to HHCA, Sec. 208 and 209 and the state caused injury as the result of its enforcement authority of the State Legislation ACT 207, are repealed of 'inconsistent and unconstitutional' legislation, provisions of the HHCA in 1963 and due process and equal protection of the laws and not limiting ACT 207 is unconstitutional.

_____
MOSES K. MOKE

Subscribed and sworn to before
me, this 17th day of January, 2006.

_____
Notary Public, State of Hawaii

SANDRA M. NAKAMURA
Notary Public
State of Hawaii

My Commission expires:  June 13, 2007

9