IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOSES K. MOKE ) | |
| ) | Civ. No. 04-00680 ACK-LEK |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| GEORGE W. BUSH, in his official ) | |
| capacity as the President of ) | |
| the United States of America, ) | |
| STATE OF HAWAII, LINDA LINGLE, ) | |
| in her official capacity as ) | |
| the Governor of the State of ) | |
| Hawaii, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER DISMISSING STATE DEFENDANTS

### BACKGROUND

A complete history of this case is set forth in this Court's August 16, 2005 Order Dismissing Federal Defendants with Prejudice and Granting Plaintiff 30-Days to Amend the Amended Complaint Against State Defendants ("August 16, 2005 Order").

Pro se Plaintiff Moses K. Moke filed a Complaint against the United States of America and George W. Bush ("Federal Defendants") and the State of Hawaii and Governor Linda Lingle ("State Defendants"), alleging that state and federal actions amending and/or implementing the Hawaiian Homes Commission Act of 1920 ("HHCA"), Public Law No. 67-34, 42 Stat. 108, discriminate

against Plaintiff in violation of the Equal Protections Clause of the Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983. On April 19, 2005, this Court found that the Federal Defendants are immune from suit under the doctrine of sovereign immunity, but granted Plaintiff 30-days to amend the Complaint to (among other things) cite the statutory provision in which the United States waived its immunity from suit. See Order Granting Plaintiff 30-Days to Amend the Complaint and Dismissing Federal Defendants if Plaintiff Fails to Amend the Complaint (April 19, 2005) ("Order to Amend").

Plaintiff filed a First Amended Complaint on May 17, 2005, challenging Act 207 of the 1963 Hawaii Session Laws, 1963 Haw. Sess. Laws 207 ("Act 207"), which amended numerous sections of the HHCA. The First Amended Complaint challenges Act 207 pursuant to 42 U.S.C. § 1983, alleging that Act 207 violates the Equal Protection Clause of Fourteenth Amendment to the United States Constitution by discriminating against non-Hawaiians. See First Amended Complaint at 1-3. The First Amended Complaint also argues that Plaintiff has been injured by Act 207 because it caused him to be denied the right to succeed his wife's Hawaiian Homestead lease upon her death. See Amended Complaint at 7.

On August 16, 2005, this Court issued an order

dismissing the Federal Defendants with prejudice[1/] but permitting Plaintiff to file a second amended complaint against the State Defendants.  See August 16, 2005 Order.  On September 14, 2005, Plaintiff filed a Second Amended Complaint.  The Second Amended Complaint contains the same material allegations and claims as the First Amended Complaint, but alleges that the State Defendants violated the First and Fifth Amendments in addition to the Fourteenth Amendment to the U.S. Constitution.  See Second Amended Complaint at 2, 3, 9, 10.

On October 25, 2005, the State Defendants filed a Motion to Dismiss the Second Amended Complaint with Prejudice ("Motion to Dismiss").  On January 19, 2006, Plaintiff filed an Opposition (entitled Plaintiff's Reply to State Defendants' Motion to Dismiss Second Amended Complaint with Prejudice).  On January 30, 2006, the Court held a hearing on the Motion to Dismiss, at which Plaintiff participated via telephone.

## STANDARD

I.  **Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter

---

[1/] See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) (where the court lacks subject matter jurisdiction over the federal government pursuant to the bar of sovereign immunity, such that no court has the power to hear the case and the plaintiff cannot redraft the claim to avoid the bar of sovereign immunity, dismissal with prejudice is warranted).

jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). On a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter

4

of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Finally, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. Special Considerations for a Pro Se Litigant

When a plaintiff proceeds pro se, the pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted). Before a district court may dismiss a pro se complaint for failure to state a claim upon which relief can be granted, the court must provide the pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend the complaint, if the deficiencies can be cured, prior to dismissal. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136.

## DISCUSSION

This Court's August 16, 2005 Order analyzed, in detail, the claims against the State Defendants contained in the First

Amended Complaint.  Specifically, the Court analyzed: (1) the immunity of the State of Hawaii pursuant to the Eleventh Amendment to the U.S. Constitution, (2) the immunity of Governor Lingle pursuant to the Eleventh Amendment to the U.S. Constitution, (3) Plaintiff's standing to bring claims against the State Defendants, (4) the applicability of a two-year statute of limitations to Plaintiff's claims, and (5) the applicability of res judicata and judicial estoppel to Plaintiff's claims.

The August 16, 2005 Order explained in what respects the First Amended Complaint was deficient and summarized for Plaintiff what new allegations must be contained in the Second Amended Complaint to survive dismissal.  The Order stated:

> In summary, the Court finds that pursuant to the Eleventh Amendment, the State of Hawaii and Governor Linda Lingle are immune from all of Plaintiff's claims, except Governor Lingle is not immune from claims for prospective injunctive relief.  The Court also finds that Plaintiff lacks standing to bring this suit against the State of Hawaii or Governor Lingle.  However, because Plaintiff is pro se, the Court will grant Plaintiff 30-days from the date of this order to file a second amended complaint fixing these defects.
>
> As described in this order, if Plaintiff chooses to file a second amended complaint against the State of Hawaii and Governor Lingle, the second amended complaint must do the following to survive dismissal: (1) demonstrate that the State of Hawaii is not immune from suit under the Eleventh Amendment by clearly articulating the state's unequivocal consent to this suit and/or Congress' clear abrogation of the state's immunity; (2) clearly articulate any claim for prospective injunctive relief that is requested to remedy a future harm to Plaintiff and is based on federal law (as opposed to any claim for retroactive relief that serves to compensate Plaintiff for an

>injury suffered in the past); (3) clearly articulate Plaintiff's standing to bring suit against the State Defendants, by demonstrating that Plaintiff has suffered an injury-in-fact to a legally protected interest, the injury is both concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical, there is a causal connection between the injury and the challenged statute, and it is likely that the injury will be redressed by a favorable decision; and (4) demonstrate that Plaintiff's claims against the State Defendants are not barred by the statute of limitations, res judicata, or judicial estoppel.

August 16, 2005 Order at 22-23.

Plaintiff has failed to include in his Second Amended Complaint (or in his Opposition or affidavit) the allegations that this Court warned "must" be included to survive a motion to dismiss. For example, the Second Amended Complaint fails to articulate: the State of Hawaii's unequivocal consent to suit and/or Congress' clear abrogation of the State of Hawaii's immunity; the prospective nature of the claims for injunctive relief that this Court previously found to be retrospective in nature; and Plaintiff's standing to bring suit against the State Defendants. The new references in the Second Amended Complaint to the First and Fifth Amendments to the U.S. Constitution (which do not abrogate the State Defendants' immunity), a U.S. Supreme Court decision issued in 2000[2] (of which this Court was aware),

---

[2] Rice v. Cayetano, 528 U.S. 495 (2000).

and a state court decision[3/] (cited previously by this Court) do not address the deficiencies discussed in the August 16, 2005 Order.

The analysis at pages 15 to 23 of the August 16, 2005 Order is applicable to the Second Amended Complaint. For the reasons given in that order, the Court finds that Plaintiff lacks standing to bring this suit against the State of Hawaii or Governor Lingle. See August 16, 2005 Order at 19-20. Additionally, pursuant to the Eleventh Amendment, the State of Hawaii and Governor Lingle are immune from all of Plaintiff's claims, except Governor Lingle is not immune from any claims for prospective injunctive relief. See id. at 15-19.

Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claims. The Court grants the State of Hawaii and Governor Linda Lingle's Motion to Dismiss and dismisses the claims against the State Defendants without prejudice.[4/] The Clerk's Office is instructed to close this case.

---

[3/] Moke v. Hawaiian Homes Comm'n, 2003 WL 283711 (Haw. Ct. App. Feb. 10, 2003).

[4/] Because dismissal of the claims against State Defendants is for lack of subject matter jurisdiction (due to Plaintiff's lack of standing and State Defendants' sovereign immunity), the dismissal is not an adjudication on the merits of Plaintiff's claims. See, e.g., Arakaki v. Hawaii, 314 F.3d 1091, 1098 (9th Cir. 2002) (where plaintiff lacks standing, the court is without jurisdiction to reach the merits of plaintiff's claim); Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) (dismissal for lack of subject matter jurisdiction should ordinarily be without prejudice so that plaintiff may reassert

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 1, 2006.



_____
Alan C. Kay
Sr. United States District Judge

Moke v. United States of America, George W. Bush, State of Hawaii, and Linda Lingle, Civ. No. 04-00680 ACK/LEK, ORDER DISMISSING STATE DEFENDANTS.

---

his claims in a competent court).  If the Court were to reach the merits, the statute of limitations and doctrine of res judicata may preclude Plaintiff's claims.  See August 16, 2005 Order at 20-21.