FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 9 2005

at 11 o'clock and 34 min. a M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOSES K. MOKE, ) | |
| ) | Civ. No. 04-00680 ACK-LEK |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| GEORGE W. BUSH, in his official ) | |
| capacity as the President of ) | |
| the United States of America, ) | |
| STATE OF HAWAII, LINDA LINGLE, ) | |
| in her official capacity as ) | |
| the Governor of the State of ) | |
| Hawaii, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING PLAINTIFF 30-DAYS TO AMEND THE COMPLAINT AND DISMISSING FEDERAL DEFENDANTS IF PLAINTIFF FAILS TO AMEND THE COMPLAINT

The Court grants the pro se Plaintiff 30-days from the date of this written order to amend his Complaint, as described herein. If Plaintiff fails to amend the Complaint within 30-days, the United States' Motion To Dismiss the Complaint against the United States and George W. Bush will be granted.

### BACKGROUND

This action for declaratory and injunctive relief stems from the Hawaiian Homes Commission Act of 1920, Public Law No. 67-34, 42 Stat. 108, and the Hawaii Admission Act of 1959, Public Law 86-3, 73 Stat. 4. The Hawaiian Homes Commission Act ("HHCA") was originally enacted by Congress as a federal statute and

Exhibit "A"

subsequently adopted as part of the Hawaii Constitution, pursuant to the Hawaii Admission Act, a compact with the United States entered into when Hawaii was admitted to the Union. See Keaukaha-Panaewa Community Association v. Hawaiian Homes Commission, 588 F.2d 1216, 1218 (9th Cir. 1979). In accordance with section 4 of the Admission Act, the HHCA was adopted as a provision of Hawaii's constitution and was thereafter deleted from the United States Code, although it was not formally repealed. Id.; see also Haw. Const. Art. XII.

Section 4 of the Admission Act requires consent of the United States for certain amendments to the HHCA. The United States has consented to numerous amendments to the HHCA. See Pub.L. 105-21 (1997); Pub.L. 102-398 (1992); Pub.L. 99-557 (1986).

On November 16, 2004, pro se Plaintiff Moses K. Moke filed a Complaint for declaratory judgment, injunctive relief, and nominal damages against the United States, George W. Bush in his official capacity, the State of Hawaii, and Hawaii Governor Linda Lingle in her official capacity. According to the Complaint, Mr. Moke is a native Hawaiian. See Complaint ¶ 5. It appears that Mr. Moke resides on Hawaii Home Lands (perhaps leased by his wife). See Complaint ¶¶ 5, 28.

The Complaint, while extremely difficult to parse, appears to be "directed towards the State of Hawaii's amendment

of the HHCA, from 1959 to 1986" and the United States' consent to those amendments. See Opposition at 10-12. For purposes of this Motion To Dismiss, the Court construes the Complaint to allege that state and federal actions amending and/or implementing the HHCA, including establishment of the Department of Hawaiian Home Lands ("DHHL"), discriminate against Plaintiff in violation of the Equal Protections Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. See Complaint ¶¶ 1-2. Plaintiff specifically appears to allege that he faces racial discrimination as a result of the amendments to the HHCA, creation of DHHL, and actions taken by DHHL. See Complaint ¶¶ 14-16, 22-24. It is unclear from the Complaint what specific actions have resulted in the alleged racial discrimination or how those actions have specifically injured Plaintiff.[1]

On March 4, 2005, the United States filed a Motion To Dismiss Complaint with Prejudice ("Motion To Dismiss"). On March 31, 2005, the State of Hawaii and Governor Linda Lingle filed a Statement of No Opposition and Non-Appearance regarding the Motion To Dismiss. On April 4, 2005, Plaintiff filed an opposition to the Motion To Dismiss. See Plaintiff's Response to United States Motion To Dismiss Complaint with Prejudice (Apr. 4,

---

[1] At the hearing on the Motion To Dismiss, the Court asked Plaintiff to explain what he is complaining about and how he has been injured. The Plaintiff chose not to explain his complaint or injury to the Court, but instead to rely on the papers he filed with the Court.

2005) ("Opposition"). On April 7, 2005, the United States filed a Reply. On April 14, 2005, Plaintiff filed what appears to be a reply to the United States' Reply, captioned Plaintiff's Objection to United States in Reply to Plaintiff's Response to Motion To Dismiss. The Court held a hearing on the Motion To Dismiss on April 18, 2005, at which Plaintiff participated by telephone.

**STANDARD**

I. **Standard for Motion To Dismiss**

In evaluating a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b), this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri,

909 F.2d at 699; Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.), cert. denied, 441 U.S. 965 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitations. Imbler v. Pachtman, 424 U.S. 409 (1976).

## II. Special Considerations for a Pro Se Litigant

When a plaintiff proceeds pro se, the pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted). Before a district court may dismiss a pro se complaint for failure to

state a claim upon which relief can be granted, the court must provide the pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend the complaint, if the deficiencies can be cured, prior to dismissal. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136.

## DISCUSSION

### I. Sovereign Immunity and Section 1983 Analysis

The United States, as a sovereign, is immune from suit unless it has waived its immunity. See Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (citing Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing United States v. Shaw, 309 U.S. 495 (1940)). Such a waiver cannot be implied, but "must be unequivocally expressed." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing United States v. King, 395 U.S. 1, 4 (1969)); see also Balser, 327 F.3d at 907. Purported statutory waivers of sovereign immunity are not to be liberally construed. Balser, 327 F.3d at 907. A court lacks subject matter jurisdiction over a claim against the United States if the United States has not consented to be sued on that claim, and dismissal of the claim is required. Balser, 327 F.3d at 907; Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). When the United States consents to be sued, the

terms of its waiver of sovereign immunity define the extent of the court's jurisdiction. <u>Balser</u>, 327 F.3d at 907.

Plaintiff has not identified any express waiver by the United States of its sovereign immunity. Section 1983, 42 U.S.C. § 1983, does not contain an express waiver of the United States' immunity. <u>See</u> <u>Hou Hawaiians v. Cayetano</u>, 996 F. Supp. 989, 998 (D. Haw. 1998) ("It is fundamental that Section 1983 is inapplicable to the United States."), <u>aff'd</u> 183 F.3d 945 (9th Cir. 1999); <u>Saucerman v. Norton</u>, No. 01-17009, 2002 WL 31557880 *2 (9th Cir. Nov. 19, 2002) (by its terms, § 1983 contains "no explicit waiver of sovereign immunity by the federal government");[2/] <u>Affiliated Professional Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999) ("suits against the United States brought under the civil rights statutes are barred by sovereign immunity"). The Plaintiff has not identified and the Court has not found any express waiver of the United States' immunity contained in the Hawaiian Homes Commission Act or the Hawaii Admission Act. <u>See</u> <u>Hou Hawaiians v. Cayetano, et al.</u>, 183 F.3d 945, 947 (9th Cir. 1999) (United States' "immunity has not been waived" by section 5 of the Hawaii Admission Act); <u>cf.</u> <u>State of Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963) (action against the United States brought pursuant to U.S. Const. Art. III, § 2,

---

[2/] In accordance with U.S. Ct. of App. 9th Cir. Rule 36-3, the Court is not relying on this unpublished opinion.

which sought to direct a federal official to withdraw an opinion that certain U.S. lands were not subject to the Hawaii Admission Act and convey those lands to the State of Hawaii, was barred by sovereign immunity). See also Han v. United States Dep't of Justice, 45 F.3d 333 (9th Cir. 1995) (Admission Act does not impose any duty upon the United States to bring an enforcement action against the State of Hawaii). Thus, Plaintiff's claims against the United States are barred by sovereign immunity.

Sovereign immunity also bars Plaintiff's claims against President Bush in his official capacity, because a lawsuit against an officer of the United States in his official capacity is considered an action against the United States. Gilbert, 756 F.2d at 1458 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)). Accordingly, the claims against the United States and President Bush must be dismissed for lack of subject matter jurisdiction.

Even if Plaintiff's claims against the United States were not barred by sovereign immunity, his claims (brought pursuant to Section 1983, 42 U.S.C. § 1983) would fail. See Complaint at ¶¶ 25, 30. Section 1983 provides a remedy for deprivation of rights by a person acting under color of state law. Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995); Daly-Murphy v. Winston, et al., 837 F.2d 348, 355 (9th Cir. 1988). Plaintiff has not alleged, and this Court cannot

8

hypothesize under the facts alleged, any power that the United States possessed by virtue of state law or how the United States could have acted under the authority of state law to deprive Plaintiff of his civil rights.[3/]

Section 1983 does not provide a remedy for deprivation of rights by federal officials acting under color of federal law. Billings, 57 F.3d 797, 801; Daly-Murphy, 837 F.2d 348, 355. See also Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) ("we take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors"); Landry v. Duncan, No. 87-4031, 1989 WL 30449 *1 (9th Cir. Mar. 9, 1989) ("Even if the doctrine of sovereign immunity did not apply, Landry's suit would not state a claim against IRS employees. Ordinarily section 1983 actions cannot be maintained against either the United States or its officials.").[4/]

---

[3/] Action taken "under color of state law" is "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Billings, 57 F.3d at 801. Federal employees can act under color of state law in limited circumstances in which they conspire or act in concert with state officials to deprive a person of his or her civil rights. Billings, 57 F.3d at 801. The Complaint does not appear to allege such a conspiracy or concerted action here. If Plaintiff is alleging that such a conspiracy took place, he should clearly allege so in an amended complaint.

[4/] In accordance with U.S. Ct. of App. 9th Cir. Rule 36-3, the Court is not relying on this unpublished opinion.

9

Moreover, although President Bush is named in his official capacity only, the claims against him would fail even if the Court were to construe Plaintiff's Section 1983 claims as claims against President Bush in his individual capacity pursuant to Bivens. Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). The Bivens claims would fail because Plaintiff has alleged no personal participation by President Bush in the alleged rights deprivation, and respondeat superior liability is inapplicable to Bivens actions. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (showing of personal participation is required for liability under Section 1983 because respondeat superior is inapplicable); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) ("respondeat superior is inapplicable to Bivens actions").

For the foregoing reasons, the Court must DISMISS the claims against the United States and President George W. Bush. However, because Plaintiff is pro se, the Court will grant Plaintiff 30-days from the date of this written order in which to file an amended complaint citing the specific, express statutory provision(s) in which the United States has waived its sovereign immunity to suit, as described in this order.

**II. Challenge to the Admission Act**

The Hawaii Admission Act prohibits amendment of certain provisions of the HHCA except with the consent of the United States. Specifically, the Hawaiian home-loan fund, the Hawaiian home-operating fund, and the Hawaiian home-development fund shall not be reduced or impaired, the encumbrances authorized to be placed on Hawaiian home lands shall not be increased, and qualifications of lessees shall not be changed, except with the consent of the United States. See Admission Act § 4.

The Ninth Circuit has ruled that the qualifications in the lease program contained in the HHCA cannot be declared unconstitutional without holding Section 4 of the Admissions Act, which reserves the United States' right to consent to the amendment of the HHCA's lease program qualifications, unconstitutional. Carroll v. Nakatani, 342 F.3d 934, 943-944 (9th Cir. 2003); see also Arakaki v. Lingle, 299 F. Supp. 2d 1114 (D. Haw. 2003) ("any challenge to the lessee requirements of the Hawaiian Home Lands lease program necessarily involves a challenge to the Admission Act, which is a federal law"). The Ninth Circuit went on to say that the involvement of the United States is required to bring such a challenge to the Admissions Act. Carroll, 342 F.3d 934, 943-944.

11

It does not appear that the Complaint challenges the lease requirements contained in the HHCA.[5/] Indeed, it does not appear that the Complaint specifically challenges any of those provisions of the HHCA for which consent of the United States is required: reduction/impairment of the Hawaiian home-loan fund, the Hawaiian home-operating fund, or the Hawaiian home-development fund; increase of encumbrances on Hawaiian home lands; or change of qualifications of lessees. See Admission Act § 4. Therefore, the Complaint does not appear to challenge the constitutionality of any federal law. However, because the Plaintiff is pro se and his Complaint was prepared without the benefit of an attorney, the Court will permit Plaintiff to amend the Complaint to more clearly articulate his claims against the United States, and specifically allege whether he is challenging these specific portions of the HHCA and/or whether he is challenging the Admissions Act.

If Plaintiff chooses to file an amended complaint within 30-days from the date of this order, Plaintiff must allege sufficient facts to demonstrate how he was injured. As the Complaint stands, this Court cannot determine what injury was suffered by Plaintiff or why Plaintiff has standing to bring this

---

[5/] At the hearing, Plaintiff stated that he is not complaining about the Hawaiian blood percentages required to qualify for a lease under the HHCA. See, e.g., HHCA title 1, § 201. Plaintiff also stated that he is not complaining about any inability to obtain a lease.

12

action.[6/]  Accordingly, the Court grants Plaintiff 30-days from the date of this order to file an amended complaint.  If Plaintiff fails to do so, the Complaint will be DISMISSED against the United States and President Bush WITH PREJUDICE.

## CONCLUSION

The Court finds that the United States and President George W. Bush are immune from this suit under the doctrine of sovereign immunity.  As such, this Court lacks subject matter jurisdiction and must dismiss the claims against the United States and George W. Bush.  Moreover, the Complaint does not appear to challenge the constitutionality of the Admission Act itself.

However, because Plaintiff is pro se and did not have the benefit of an attorney to assist him in preparing his Complaint or his opposition to the Motion To Dismiss, the Court will grant Plaintiff 30-days from the date of this written order in which to amend the Complaint as it pertains to the United States and President Bush.  If Plaintiff chooses to amend the Complaint, Plaintiff must articulate his injury; he must allege sufficient facts to demonstrate that he was injured by the United

---

[6/] To demonstrate standing, an irreducible constitutional minimum, Plaintiff must allege that he suffered an injury in fact to a legally protected interest, that there is a causal connection between the injury and the challenged action, and that it is likely that the injury will be redressed by a favorable decision.  See National Audubon Society v. Davis, 307 F.3d 835, 848 (9th Cir. 2002).

States and has standing to bring his claims; he must cite the specific, express statutory provision(s) in which the United States has waived its sovereign immunity to suit; and if Plaintiff is challenging the constitutionality of the Admission Act or some other federal law, the Complaint should clearly so state. If Plaintiff chooses to file an amended complaint within 30-days from the date of this order, the Government may subsequently file a new Motion To Dismiss the amended complaint.

If Plaintiff fails to file an amended complaint within 30-days from the date of this order, dismissal of the claims against the United States and President Bush will be entered with prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, APR 1 9 2005.

_____
United States District Judge

Moke v. United States, et al., Civ. No. 04-00680 ACK/LEK, ORDER GRANTING PLAINTIFF 30-DAYS TO AMEND THE COMPLAINT AND DISMISSING FEDERAL DEFENDANTS IF PLAINTIFF FAILS TO AMEND THE COMPLAINT